IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-00282-PAB-NRN

MIKAL BENZOR,

     Plaintiff,

v.

GEICO CASUALTY COMPANY,

     Defendant.

---

## ORDER

---

This matter comes before the Court on defendant's Motion for Partial Judgment on the Pleadings [Docket No. 16].  Plaintiff filed a response [Docket No. 24] and defendant filed a reply [Docket No. 30].  The Court has jurisdiction pursuant to 28 U.S.C. § 1332.  Docket No. 1 at 2, ¶ 5; *see also* Docket No. 14.

## I.  BACKGROUND[1]

This case arises out of a motor vehicle collision.  Docket No. 3 at 2, ¶ 5.  On April 13, 2020, a motor vehicle being driven by Elijah Shipman struck and injured plaintiff while plaintiff was riding his motorcycle.  *Id.*, ¶¶ 5-7, 11.  Mr. Shipman failed to yield to plaintiff as plaintiff rounded a traffic circle, knocking plaintiff off of his motorcycle and requiring plaintiff to be transported to the Medical Center of the Rockies via ambulance.  *Id.*, ¶¶ 7-9.  Mr. Shipman was at fault for the collision, and defendant has not attributed any fault for the collision to plaintiff.  *Id.*, ¶¶ 10-11.

---

[1] The following facts are from plaintiff's complaint and presumed true for the purpose of ruling on defendant's motion for judgment on the pleadings.

Mr. Shipman was insured under automobile policies issued by both Progressive and Geico, with a combined $75,000 in liability coverage. *Id.,* ¶¶ 13-14. With defendant's permission, plaintiff settled his liability claim against Mr. Shipman in exchange for payment to him of the full $75,000 of coverage available from Mr. Shipman's insurers. *Id.,* ¶ 15.

Plaintiff is covered by $100,000 in underinsured motorist ("UIM") insurance through defendant. *Id.,* ¶ 21. On November 13, 2020, defendant's claim evaluator valued plaintiff's UIM claim at $45,756.25. *Id.* at 3, ¶¶ 31, 37. Defendant does not dispute that plaintiff's claim was worth at least $45,756.25 on November 13, 2020. *Id.* at 4, ¶¶ 44, 53. However, defendant has not paid plaintiff this sum (or any money) under the UIM policy, which plaintiff alleges is an attempt by defendant to coerce plaintiff into settling his claim in order to receive benefits. *Id.* at 4, 5 ¶¶ 47-49, 63.

Due to defendant's failure to pay plaintiff the $45,756.25, plaintiff brings three claims against defendant: (1) breach of contract – UIM benefits; (2) first-party statutory claim under Colo. Rev. Stat. §§ 10-3-1115 and 1116; and (3) common law bad faith breach of insurance contract. *Id.* at 6-8, ¶¶ 71-86. Defendant seeks judgment on the pleadings regarding plaintiff's second and third claims. Docket No. 16 at 2.

## II. LEGAL STANDARD

The Court reviews a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) much as it does a motion to dismiss pursuant to Rule 12(b)(6). *See Adams v. Jones*, 577 F. App'x 778, 781-82 (10th Cir. 2014) (unpublished) ("We review a district court's grant of a motion for judgment on the pleadings de novo, using the same standard that applies to a Rule 12(b)(6) motion.") (quoting *Park Univ. Enters.,*

2

*Inc. v. Am. Cas. Co. of Reading, PA*, 442 F.3d 1239, 1244 (10th Cir. 2006), *abrogated on other grounds by, Magnus, Inc. v. Diamond St. Ins. Co.*, 545 F. App'x 750, 753 (10th Cir. 2013) (unpublished)).  The Court must "accept all facts pleaded by the non-moving party as true and grant all reasonable inferences from the pleadings in favor of the same."  *Id.* at 782.  To prevail, the moving party must show that "no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000).

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal quotation marks and alteration marks omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss."  (quoting *Twombly*, 550 U.S. at 570)).  If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim. *Khalik*, 671 F.3d at 1191 (quotations omitted).  Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal

3

theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (alteration marks omitted).

A "motion for a judgment on the pleadings only has utility when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1367 (3d ed.); *see also Park Univ. Enters.*, 442 F.3d at 1244 ("Judgment on the pleadings should not be granted unless the moving party clearly establishes that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." (quotation marks omitted)). A party may raise arguments that could be made in a motion under Rule 12(b)(6) in a motion under Rule 12(c). Fed. R. Civ. P. 12(h)(2).

## III.  ANALYSIS

Plaintiff's second and third claims allege that defendant has unreasonably denied and delayed paying UIM benefits and has acted in bad faith. *See* Docket No. 3 at 6-8. Defendant argues that there has been no unreasonable delay because the amount of UIM benefits that defendant owes is disputed and defendant has no obligation to pay disputed damages. Docket No. 16 at 9. In response, plaintiff argues that defendant evaluated his claim to be worth at least $45,756.24, but has refused to pay him any UIM benefits. Docket No. 24 at 12.

### A.  Consideration of Documents Outside the Pleadings

As a preliminary matter, the Court must determine whether to consider Exhibit A to the motion for partial judgment on the pleadings, which is an email from defendant's claims examiner, Ms. Pierre-Jack, to plaintiff's counsel, wherein Ms. Pierre-Jack offers

4

to settle plaintiff's UIM claim for $45,756.25.  *See* Docket No. 16-1 at 4-6.  Plaintiff argues that, if the Court considers this exhibit, it must convert the motion for judgment on the pleadings into one for summary judgment.  Docket No. 24 at 14-15.

In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the challenged complaint itself, but also exhibits to the complaint and documents incorporated into the complaint by reference.  *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  This is also true of a Rule 12(c) motion for judgment on the pleadings.  *Cf. GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1383-84 (10th Cir. 1997) (stating that court may consider materials referenced in and central to the complaint in the context of a Rule 12(b)(6) motion which incorporated arguments that had been made in a Rule 12(c) motion).

The complaint states that, "[o]n or about November 13, 2020, Ms. Pierre-Jack placed a dollar value of $45,756.25 on Mr. Benzor's UIM claim."  Docket No. 3 at 3, ¶ 37.  Exhibit A to the motion for partial judgment on the pleadings contains Ms. Pierre-Jack's email to plaintiff, dated November 13, 2020, wherein defendant offers to settle plaintiff's UIM claim for $45,756.25.  Docket No. 16-1 at 4.

The complaint does not reference the settlement email.  Rather, the complaint states that $45,756.25 is defendant's valuation of the claim, and the "'offer' is not simply an attempt to settle the claim but is based on [defendant's] evaluation of the claim."  Docket No. 3 at 3, 5, ¶¶ 37, 65.  Accordingly, because the complaint does not "reference" or attach the settlement correspondence, the Court declines to consider the document in evaluating the motion for judgment on the pleadings.  *See Lovato v. Nira*, No. 17-cv-01041-NYW, 2019 WL 3802108, at *3 n.4 (declining to consider exhibit

attached to motion to dismiss because complaint did not refer to the document and defendants had not established its authenticity).[2]

### B.  Reasonableness of Decision to Withhold Payment of UIM Benefits

Insurers have a duty not to unreasonably delay or deny payments of undisputed covered benefits.  *See State Farm Mut. Auto. Ins. Co. v. Fisher*, 418 P.3d 501, 506 (Colo. 2018).  Defendant admits as much, *see* Docket No. 16 at 6, but argues that the $45,756.25 was an offer of settlement and not an undisputed valuation of the claim.  *Id.* at 8-9.  Defendant argues that, under Colorado law, a settlement offer does not represent an admission that the amount of the offer is the amount of benefits owed.  *Id.* at 4.  Thus, according to defendant, the Court should find that it was not unreasonable for defendant to withhold payment of a disputed amount and therefore defendant is entitled to judgment on the pleadings on plaintiff's common law and statutory bad faith claim.  *Id.* at 2, 8.

However, the Court has declined to consider the settlement correspondence at this stage of the litigation and therefore must rely on the allegations in the complaint to resolve defendant's motion.  Those allegations are that defendant does not dispute plaintiff's UIM claim was worth at least $45,756.25 and yet refused to pay that amount

---

[2] Even if the complaint could be construed to reference Mr. Pierre-Jack's settlement offer, the Court would exercise its discretion to decline to consider the document.  *See Prager v. LaFaver*, 180 F.3d 1185, 1189 (10th Cir. 1999) ("*GFF Corp.* did not purport to decide whether consideration of materials appended to a motion to dismiss is mandatory or discretionary. . . .  We agree with our sister circuits that if a defendant attaches to a 12(b)(6) motion materials referred to by the plaintiff and central to his claim, the court has discretion to consider such materials.").

unless plaintiff agreed to settle his claim.[3]  *See* Docket No. 3 at 3-4, ¶¶ 37, 45-47.

These allegations are sufficient to state a claim under Colo. Rev. Stat. §§ 10-3-1115

and 1116 and a claim for common law bad faith breach of insurance contract.[4]  *See*

*Fisher*, 418 P.3d at 506.  Accordingly, the Court will deny defendant's motion for

judgment on the pleadings.

## IV.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that defendant's Motion for Partial Judgment on the Pleadings

[Docket No. 16] is **DENIED**.

DATED September 27, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

[3] Defendant relies on *Irey v. State Farm Mut. Auto. Ins. Co.*, No. 20-cv-01324-RBJ, 2020 WL 3577736, at *2 (D. Colo. July 1, 2020), where the court granted the insurance company's motion to dismiss the insured's claims for statutory and common law bad faith.  The complaint asserted that it was undisputed that the insurance company owed the plaintiff $15,500.  *Id.* at *1-2.  However, unlike here, *Irey* considered the insurance company's settlement offer outside of the pleadings.  *Id.*

[4] After the completion of briefing, plaintiff submitted a July 26, 2021 Denver District Court order in support of his argument against judgment on the pleadings.  *See* Docket Nos. 34, 34-1.  Defendant then submitted an earlier order from the same case in support of its position that judgment on the pleadings is proper.  *See* Docket Nos. 35, 36.  The order submitted by defendant is distinguishable because it was at the summary judgment stage and the issue was whether the insurance company's offer was a settlement offer or an admission of the minimum undisputed amount owed to the plaintiff.  *See* Docket No. 36 at 2, 5-6.  This case is at the motion to dismiss stage and the Court must accept as true the allegations in the complaint that defendant valued the claim at $45,756.25.